Donald Lee **MARTIN** and James Wesley
Underwood

v.

**WARDEN, LOUISIANA STATE
PENITENTIARY.**

Misc. No. 735.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Oct. 13, 1964.

M. E. *Culligan*, *Jr.*, Mandeville, La.,
for petitioners.

Jack P. F. Gremillion, Atty. Gen. of
Louisiana, Teddy W. Airhart, Jr., Jodie
W. Stout, Asst. Attys. Gen. of Louisiana,
Baton Rouge, La., for respondent.

WEST, District Judge.

This matter is before the Court on the
application of petitioners, Donald Lee
Martin and James Wesley Underwood, for
the issuance of a writ of habeas corpus.
This Court granted petitioners a full
evidentiary hearing on September 18,
1964, and now, after careful consideration
of the record herein, and the testimony
adduced at the hearing hereof, the Court
is of the opinion that petitioners are en-
titled to the relief which they seek.

Petitioners were charged on a
bill of information filed in the Nineteenth
Judicial District Court for the Parish of
East Baton Rouge, Louisiana, on Septem-
ber 17, 1963, with the crime of simple
burglary, a felony under Louisiana law.
At that time, both of the petitioners were
nineteen years of age, and were A.W.O.L.
from their Army posts. On the following
day, September 18, 1963, petitioners were
brought before the Court for arraign-
ment. It is an uncontested fact that at
no time, from arrest to incarceration,
were these petitioners ever advised of
their right, if they were indigent defend-
ants, to court-appointed counsel, nor were
they at any time advised of their right,
if they were financially able, to retain
counsel of their own choosing. From the
evidence presented during the hearing
before this Court, it is doubtful that, be-
fore entering their plea of guilty, the

496

petitioners were ever even advised of the maximum sentence that could, under Louisiana law, be imposed upon them. The evidence furthermore strongly suggests that petitioners were given to believe, before they appeared in Court, that if they pleaded guilty, a very light sentence, probably from thirty to sixty days, would be imposed. Instead, upon entering a plea of guilty, they were each sentenced to five years at hard labor in the State Penitentiary. They were thus arrested, charged, arraigned, sentenced and incarcerated for five years at hard labor, all without benefit of counsel, and without any effort having been made to acquaint them with their constitutionally guaranteed rights, for having committed simple burglary, the proceeds of which netted them, according to the uncontradicted testimony, the sum of approximately $30. These petitioners had no prior record of arrest or convictions, and had never been in Court before. There is simply no evidence to indicate that they voluntarily, knowingly, and intelligently waived their right to counsel during these proceedings. The failure of the State Court to apprise these petitioners of their constitutional right to counsel before accepting their guilty pleas constituted a denial of the right to counsel guaranteed by the Sixth Amendment to the United States Constitution, which is made obligatory upon the states by the Fourteenth Amendment to the United States Constitution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is no defense for the State to say that the petitioners did not request the assistance of counsel. As stated by Mr. Justice Brennan in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) "[I]t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." Also, a plea of guilty cannot operate as a waiver of court-appointed counsel. The absence of a request therefor is totally irrelevant to a determination of whether counsel should have been appointed. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1365 (1945). It is not the intention of this Court to hold that in no case could counsel be intelligently and knowingly waived by a defendant even in the absence of an express explanation of rights by the Court. What this Court does hold now, after considering the evidence in this case, is that in this case these petitioners did not intelligently and knowingly waive their constitutionally guaranteed right to counsel, and hence, the proceedings had against them in the State Court were fatally defective. In spite of this, these petitioners have already served over a year of the sentence thus imposed. It is the opinion of this Court that they are entitled to the relief sought, and accordingly, the writs of habeas corpus will issue as prayed for.