# Clarke *v.* State

No. 43336 January 18, 1965 170 So. 2d 575

*R. Jess Brown*, Jackson, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Robert Clarke, appellant, was convicted in the Circuit Court of Claiborne County of assault and battery with intent to kill William Foster, and was sentenced to eighteen months in the state penitentiary. He was indigent, and unable to afford legal counsel. We hold that there was not an intelligent, competent, and effective waiver of counsel by defendant, and accordingly reverse and remand the case for a new trial.

Clarke, a Negro, is virtually an illiterate, having no more than a fourth grade education. After his arrest, he was brought before a justice of the peace, where without counsel he waived a preliminary hearing. After his indictment by the grand jury, the record reflects only these facts as to the arraignment:

This day came the District Attorney who prosecutes for and in behalf of the State and came also the defendant herein in his own proper person and being duly arraigned on the Indictment on a charge of Assault to Kill and Murder, enters a plea of not guilty thereto, Trial set for Thursday, May 21st, 1964.

Subsequently he was tried without an attorney representing him. Defendant made a few feeble, ineffectual attempts to interrogate witnesses for the state. The trial judge undertook to ask some of the witnesses certain questions, but none of them fully developed any potential defenses. Clarke testified briefly in his behalf. The state obtained five instructions, but defendant, because of his ignorance, neither asked for nor obtained any.

Subsequently, with an attorney representing him, defendant filed a motion for new trial, alleging that although indigent he was tried without the assistance of counsel, and there was no effective waiver of this constitutional right. After the hearing on motion for new trial, the circuit judge stated that when defendant approached the bar for arraignment, the court asked him if he had an attorney, to which he replied that he did not. The court stated that it then paused at that time to give Clarke an opportunity to make a statement, but he "never made known to the court any desire upon his part to have counsel appointed for him," nor did he advise the court that he was unable to employ a lawyer.

Gideon v. Wainwright held that the sixth and fourteenth amendments to the Constitution of the United States require the states to provide one who is accused of a felony the assistance of counsel for his defense, if he is indigent and unable to afford a lawyer, unless the right is competently and intelligently waived. 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); Douglas v. Calif., 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); Draper v. Wash., 372 U.S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963); White v. Md., 373 U.S. 59, 83 S. Ct. 1050, 10 L. Ed. 2d 193 (1963); Doughty v. Maxwell, 376 U.S. 202, 84 S. Ct. 702, 11 L. Ed. 2d 650 (1963); see Massiah v. U.S., 377 U.S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1963); Escobedo v. Ill., 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964).

██ ▮ In Conn v. State, 251 Miss. 486, 170 So. 2d 20 (Miss. 1964), this Court held that *Gideon* "eliminate(d) the question of discretion" in the provisions of Mississippi Laws 1964, chapter 357 (effective April 6, 1964, before Clarke's indictment), and therefore made it mandatory on the trial court to appoint counsel for an indigent defendant charged with a felony less than capital, if counsel is not intelligently and competently waived. In *Conn* the arraignment reflected that defendant was advised of his right to the benefit of counsel. In the instant case the arraignment does not show that fact, although the judge's statement in ruling on the motion for new trial is to that effect. *Conn* held:

> In accordance with these mandatory decisions we hold that there must be an intelligent and competent waiver of counsel by the defendant and that the trial court should so determine, and, further, that such determination, as well as the facts on which it is based, should appear in the record.

 ▮ The proceedings in the instant case do not comply with the foregoing requirements. As there stated, the trial court has the responsibility to determine affirmatively, and the record should reflect the pertinent facts on these issues. ▮ The court should advise the accused of his right to the assistance of counsel, should ascertain whether he is indigent, and should determine by inquiries reflected in the record whether there is an intelligent and competent waiver of counsel by the defendant.

Reversed and remanded.

*Lee, C. J., and Brady, Patterson and Inzer, JJ.,* concur.