## Plummer *v.* State

No. 43486          March 1, 1965          172 So. 2d 547

*Williamson, Pigford & Hendricks,* Meridian, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

In the Circuit Court of Clarke County, appellant, Kenneth Plummer, was sentenced to a term of one year in the state penitentiary on an indictment charging possession of a whiskey still. The appellant, when arraigned, having no attorney, entered a plea of guilty. Later, with attorneys, he requested permission to withdraw his plea of guilty and enter a plea of not guilty. The request was denied and he was sentenced as aforesaid. We now reverse the case.

On March 28, 1964, search warrant was issued authorizing search of appellant's premises for intoxicating liquors. The constable's return on the warrant does not show it was served on anyone and shows no arrest. It does state he found a liquor still and four gallons of liquor.

On March 30, 1964, the constable made affidavit against the appellant, and on April 4 bond to appear before the circuit court at the September 1964 term was given. He was indicted September 15, 1964, and arrested the same day. A plea of guilty was also entered that day.

On September 22, 1964, the court entered an order which adjudicated that ''Kenneth Plummer was in jail charged or had been indicted for the crime stated hereafter and was an indigent person and was unable to employ counsel and desired counsel.'' The order then proceeded to appoint counsel and stated that the case was concluded on the former plea of guilty. All this, except the plea of guilty, occurred on September 22, together with the events now stated.

On September 22 there was filed by appellant, through attorneys employed by his wife and son on September 20, a motion to be permitted to withdraw the plea of guilty entered on September 15 on the ground that he had no attorney when the plea was entered, that he did not understand the statements of the judge or the consequences of his reply and plea, and did not understand that he had entered a plea of guilty and waived his right to a trial.

There was a hearing on the motion. The appellant testified and manifested to us an abysmal ignorance of courts and lawyers. He claimed innocence, and stated he had been employed by Ingall's Shipbuilding Corporation in Pascagoula for a number of years, and worked many Saturdays and Sundays; that he only visited home on occasions, and that he had never been in court before this case.

The sheriff testified that on September 15 the district attorney, county attorney, sheriff and appellant were in the sheriff's office. The evidence indicates that the appellant was advised he was entitled to an attorney; that whether or not he plead guilty was up to him; that

the district attorney read to him the section of the Code showing that if convicted he could be sentenced to three years; and that the district attorney told him what he would recommend if appellant plead guilty.

As part of the opinion on the motion, the court stated: After the man entered a plea of guilty, he made some protest that he wasn't being treated fairly before he was sentenced, and the Court subsequently contacted Mr. Covington, thinking it best that someone look after the defendant's interest or at least find out if there was anything that had been overlooked by the officers. The Court is not questioning anything the officers had told him, but knowing it would be better to have someone looking after it from the defendant's standpoint rather than the State's standpoint.

I have conferred with Mr. Covington about the case, and in view of that and in view of the testimony that has taken place here this morning, the Court feels that this plea of guilty should not be set aside, and for that reason the Court will overrule this motion to set aside the plea of guilty in this case.

On the same day, September 22, the court entered this order:

This day into open Court came the County Attorney who prosecutes for the State of Mississippi and came also Kenneth Plummer in his own proper person, represented by counsels, who on a former day of this court was lawfully arraigned upon an indictment charging the said defendant with the crime of Possession of Whiskey Still, to which the defendant entered a plea of "guilty."

On a previous recommendation of District Attorney said Defendant was sentenced to serve one year in the State Penitentiary.

Therefore, it is the judgment of this court that the defendant, Kenneth Plummer serve a term of one year in the State Penitentiary and he is ordered remanded

into the custody of the sheriff to await transportation.

Mr. Covington, the attorney appointed by the court, did not testify.

We are convinced that there was not a free, voluntary and intelligent plea of guilty and there was no intelligent, understanding, and competent waiver of counsel by appellant in this case. See Gideon v. Wainwright, 372 U.S. 325, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1937); Conn v. State, 251 Miss. 486, 170 So. 2d 20 (1965); Clarke v. State 251 Miss. 627, 170 So. 2d 575 (1965).

■■ The action of the lower court in overruling appellant's motion for permission to withdraw his plea of guilty is reversed, judgment is entered here sustaining said motion, and the case is remanded for further proceedings.

Reversed, judgment entered here permitting appellant to withdraw his plea of guilty, and remanded.

*Lee, C. J., and Ethridge, Gillespie and Patterson JJ.,* concur.