HOGUE *v.* STATE

No. 43446 October 4, 1965 178 So. 2d 677

*James P. Walker, Jr.,* Marks, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

In the Circuit Court of Tunica County appellant was indicted, tried, convicted and sentenced to ten years for the crime of assault and battery with intent. From that conviction he appealed to this Court. On its first appearance here we, in accordance with Miss. Rules 37, remanded the case to the docket and requested the circuit court or judge thereof to determine, after a hearing, whether the appellant was entitled to have an attorney appointed to represent him here on appeal, no attorney having appeared. The circuit court had this hearing and found and adjudicated the necessary prerequisites for the appointment of an attorney to represent the appellant. An attorney was appointed and did appear, briefing and arguing the case for appellant.

The only point raised on this appeal is that appellant, an indigent, was tried, convicted, and sentenced on a felony charge without benefit of counsel, in violation of his rights under the sixth and fourteenth amendments of the United States Constitution. This assignment applies to the trial on the merits in the circuit court.

There is required from us, therefore, only a discussion of those facts relating to the failure of the appellant to be represented by counsel on his trial before the jury. The altercation from which the indictment arose occurred on or about November 12, 1963. The

appellant fled, but was later apprehended in Florida and in July 1964 was returned to Mississippi. Indictment was returned in March 1964, and the trial was on August 31, 1964, which was Monday of the second week of the regular term of court.

Appellant's mother had employed the firm of Dulaney & Dulaney, reputable and capable attorneys, to represent him. On Friday before the case was to be tried on Monday, appellant discharged the attorneys his mother had employed, the reason for such discharge not being reflected by the record. On that same Friday, the firm of Dulaney & Dulaney filed in the circuit court a notice of dismissal and withdrawal. They stated that on August 17, 1964, the mother of appellant employed the firm to represent him; that they had undertaken said employment and had proceeded to confer with appellant and the prosecuting attorney on numerous occasions; had interviewed witnesses at the scene of the alleged crime about twelve miles from town, and had appeared with appellant and on his behalf in court on Monday, August 24, 1964. They set out that the appellant was not satisfied with the legal service provided by said firm and had discharged the firm from the defense of his case. The notice also stated the appellant was notified by them prior to their discharge that his case was set for trial at 9:00 a. m. on Monday, August 31, 1964. It also said, ''And the defendant stated that he would need additional time within which to employ an attorney of his choice and asked that the court be requested to continue his case for a reasonable time until the same could be done.'' This petition was not presented nor acted upon by the circuit judge until August 31st, the day the case had been set for trial. Neither the order nor the proceedings before the judge mentioned the request by appellant that he be granted time to secure another attorney. However, on Friday, August 28th, at his request the county attorney had called a lawyer at Mem-

phis who visited the appellant on Saturday; but his fee was such the appellant could not pay it. The record discloses what occurred on the morning of the trial prior to the beginning thereof. The State announced ready, and then the court asked the appellant if he were not present in court "the other day" and Mr. Dulaney was representing him. The answer was, "Yes, sir," and the defendant said he knew this case was set for trial on this date, the 31st. The questioning of appellant continued:

Q. Now Mr. Dulaney has filed a petition here that you all don't want him representing you; is that true?
A. Yes, sir.
Q. Well, who do you want to represent you?
A. I wasn't able to get a lawyer.
Q. You had a lawyer representing you — a lawyer of your own choice?
A. He was my mother's choice.
Q. Your mother's choice. And he was willing to go ahead and represent you. And now you say you don't want him?
A. No, sir, I don't.
Q. And you knew this case was set for trial today?
A. Yes, sir.
Q. And on Friday your mother discharged your lawyer, and now you are without a lawyer?
A. I had a lawyer come but he wanted more than I could pay.
Q. You had a lawyer and discharged him. Are you ready for trial today?
A. I'm ready. *I will have to be ready, won't I?*
Q. And you were present when this case was set for trial, were you not?
A. Yes, sir.
Q. And it was agreeable to you when your lawyer said it would be tried today, the second Monday?
A. Yes, sir.

Q. And now you come into Court and say your mother has fired your lawyer?

A. I was intending to get another one, but I didn't have enough money to pay him.

Q. And Mr. Dulaney was ready to go ahead, wasn't he?

A. I haven't seen him since.

Q. Who discharged the lawyer, you or your mother?

A. I did.

Q. Is the State ready?

BY MR. STONE: Yes, sir. Are you ready for trial, Hogue?

BY THE COURT: Are your witnesses here?

BY THE SHERIFF: They have been summoned, your Honor.

BY THE COURT: Call the names of every witness for the defendant.

BY MR. STONE: Do you have any witnesses, Hogue, that you want the Sheriff to get now?

A. There wasn't but one — that was Layman Miller — he was the only one there — and he is here now.

As heretofore stated, there was no mention of the fact that the appellant requested additional time for the purpose of securing an attorney and the record also shows that he had been unable to pay the fee requested by the attorney to whom he had talked. It is also shown that he understood he had to be ready whether he had counsel or not, and no answer was made to this question of his.

When the case was remanded as heretofore stated, the circuit court judge had a hearing at which the evidence showed appellant had no property and no money of any kind. In the proceedings prior to the original trial, it was evident that the appellant desired an attorney, and that he did not consciously and intelligently waive the appointment of an attorney by the court. In the subsequent hearing, the circuit judge found and adjudged that appellant was an indigent person, and that he

desired to have counsel represent him on an appeal to the State Supreme Court. The court thereupon appointed the Honorable James P. Walker, Jr. of Marks to represent him here. We think the record indicates beyond question that appellant was indigent; that he desired an attorney to represent him, and that he did not consciously and intelligently waive such appointment.

 █ Under Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), followed by this Court in Conn v. State, 251 Miss. 488, 170 So. 2d 20 (1964), and Clarke v. State, 251 Miss. 627, 170 So. 2d 575 (1964), it is reversible error to force one to trial on a felony charge, under the circumstances here shown, without an attorney.

The case is therefore reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

*Lee, C. J., and Gillespie, Brady and Inzer, JJ.,* concur.