GILLESPIE, Presiding Justice.
E. L. Woodruff filed his petition in circuit court for writ of error coram nobis. After hearing the evidence offered by the petitioner and the State, the trial court denied the writ and dismissed the petition; Woodruff appealed. We affirm.
The judgment sought to be vacated was entered before the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The question for our decision is whether, under all the circumstances, the trial judge was justified in finding that petitioner was not denied counsel in violation of the guarantees afforded by the Sixth Amendment to the Constitution . of the United States.
Petitioner was arrested in Sunflower County, Mississippi, on March 9, 1962, and jailed at Greenwood in Leflore County. At that time he was under several sentences, but was free on indefinite suspension. He was given no preliminary hearing on the new charges for which he was arrested, and five days after his arrest his suspension was revoked, and he was returned to the penitentiary, which is in Sunflower County. On September 3, 1962, *884 the Tallahatchie County Grand Jury jointly indicted petitioner and one Scott on five separate charges of burglary. Some time after his arrest, petitioner requested that the sheriff of Tallahatchie County and the district attorney for that district come to the penitentiary. They went to see him, and petitioner stated to the district attorney and sheriff that he would plead guilty to the five charges of burglary if the sentences would run concurrently.
On September 5, 1962, petitioner and Scott were removed to Tallahatchie County to answer the indictments for burglary. Scott had hired Shed Roberson and Semmes Luckett, two able attorneys. Petitioner was indigent and had hired no attorney. While petitioner and Scott were waiting for Scott’s attorneys to arrive at the courthouse, petitioner asked Scott the following question: “What in the world do you want an attorney for?” When Attorney Roberson arrived the petitioner was present at all times when Roberson conferred with Scott, and the trial judge was justified in finding that petitioner had the benefit of the advice and counsel Roberson gave Scott, although Roberson had been employed to represent Scott only. Petitioner was present at all times when the district attorney and ■ Attorney Roberson were working out the “package deal” for guilty pleas by Scott and petitioner with all sentences running concurrently. Pleas of guilty were entered by Scott and petitioner to the five indictments, and Scott and petitioner received identical sentences of seven years on each indictment, the sentences to run concurrently. Thus, while the maximum sentences could have been thirty-five years, both Scott and petitioner actually received seven years. There is no showing that the interests of Scott and petitioner were not identical.
Petitioner is sixty-two years of age, and his attorneys say he is a pathological thief, having spent about thirty-five years of his life in prisons. It is clear from the record that petitioner is highly intelligent. He spends ninety per cent of his time reading, and has studied criminal law for the last twenty-five or thirty years. He prepared his own application for writ of error coram nobis and all other necessary motions and affidavits. His familiarity with criminal law procedure, as well as the quality of his mind, is reflected in these self-prepared documents.
After filing his petition in the present proceedings, two able members of the Talla-hatchie County Bar were appointed to represent petitioner in these proceedings, and the record reflects that these court appointed counsel have performed their duty in the best tradition of the Bar.
Since the decision in Gideon, this Court has applied it in several cases. Clarke v. State, 251 Miss. 627, 170 So.2d 575 (1965); Conn v. State, 251 Miss. 488, 170 So.2d 20 (1964). The Legislature amended Mississippi Code Annotated section 2505 (Supp.1964), so as to provide that the trial courts may appoint counsel to persons charged with felonies. There is no doubt but that Gideon is retroactive.
We have carefully considered Gideon and the other cases announcing the federal standards concerning the right to counsel, including those pre-Gideon cases when the Sixth Amendment guarantees were applied by the federal courts only in federal cases, and the later cases applying these standards to state prosecutions. We are of the opinion that because of the unusual circumstances involved, it cannot be said that petitioner was either deprived of the benefit of counsel, or that he would have accepted counsel to represent him if an actual offer of counsel had been made. We are aware that at the time petitioner entered his guilty plea, it was not customary to provide counsel in cases less than capital. The trial court held, in effect, that petitioner not only had the benefit of counsel, but that he intelligently and competently waived any rights he may have had to counsel designated as his own. Our affirmance is based on the fact that petitioner had the benefit of counsel and received the same sentence *885 as Scott, and the fact that he is exceptionally well informed on criminal procedure and is a well educated and articulate person. The denial of the writ is affirmed.
Affirmed.
All Justices concur.