ROBERTSON, Justice:
Appellant, Earl E. Scott, was indicted on two charges of burglary by the grand jury of Leflore County. He plead guilty to both charges in the Circuit Court of Leflore County during its May, 1962, Term, and was sentenced to serve a term of seven years on each count, the terms to run concurrently.
On November 8, 1965, appellant filed his petition for writ of error coram nobis, alleging that at the time of his pleas of guilty, he was without counsel and without funds to employ counsel.
The hearing was held on the petition of the appellant on November 17, 1965, and the-circuit court denied the petition. Appellant then perfected his appeal to this Court.
We reverse the judgment of the trial' court, sustain the petition for writ of error coram nobis, set aside and vacate the original judgment and remand this case to the-circuit court for arraignment and trial of the appellant.
At the same term of court to which the indictment against appellant was returned, the appellant’s wife, Lorena Scott, was also indicted as an accessory after the fact to the crime of burglary. Appellant’s sister-in-law employed Honorable Shed Hill Roberson and Honorable Semmes Luckett t® *876 represent Mrs. Lorena Scott, her sister and the appellant’s wife. The two attorneys were not employed to represent appellant and did not do so. The law firm of Roberson and Luckett had represented the appellant in the past on some criminal charges against him. One or both of these attorneys consulted with the appellant and his wife on some five to ten occasions after the indictments were returned. The Defendant, Earl Scott, was advised by Mr. Roberson “that at that time Mississippi was not appointing counsel for felonies less than capital crimes.”
At'the hearing on the petition for writ of error coram nobis, Mr. Roberson testified that:
“We were trying to work a compromise where Mrs. Scott would not be prosecuted. We advised Mr. Scott at the time that we were not representing him but that if he would plead guilty to certain charges, principally the one in Leflore County and at least one other in another county, then the Prosecuting Attorney had agreed that he would either remand her case to the files or dismiss it or nol-pros it. He finally agreed to that.”
Mr. Roberson was also asked this question: “In your opinion, did Mr. Scott himself have any effective representation of counsel?” He responded, “Only on the basis of the facts I recited from the witness stand. We did consult with him. We did tell him what it would take on his part to get Mrs. Scott out from under the charge against her.”
It is now firmly established that an indigent defendant charged with a felony is entitled to be represented by counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Clarke v. State, 251 Miss. 627, 170 So.2d 575 (1965); Hogue v. State, 253 Miss. 667, 178 So.2d 677 (1965); and Conn v. State, 251 Miss. 488, 170 So.2d 20 (1964).
This is true whether the defendant pleads guilty or is tried on a not guilty plea. Harvey v. State of Miss., 340 F.2d 263 (5th Cir.1965); Martin v. Warden, La.State Penitentiary, 234 F.Supp. 495 (E.D.La.1964).
The uncontradicted testimony in this case is that the defendant was indigent and that he was not represented by counsel.
This fundamental right, to have the assistance of counsel for his defense guaranteed to the defendant by the Sixth and Fourteenth Amendments to the Constitution of the United States, was not granted the defendant. The fact that his wife did have very competent counsel, who included the defendant in their conferences with his wife, does not satisfy this mandatory requirement of the Constitution.
Under the circumstances of this case, the interests of defendant and his wife were antagonistic, and it would be impossible for attorneys, who were employed solely to defend his wife, to also defend him with all good fidelity.
Because the defendant did not have the assistance of counsel for his own defense and because this fundamental right was not competently and intelligently waived by the defendant, the judgment of the trial court must be reversed, the petition for writ of error coram nobis sustained, the original judgment on the pleas of guilty to the crime of burglary vacated and set aside, and this case remanded to the Circuit Court for arraignment and trial of defendant.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.