BRADY, Justice.
This is an appeal from the Circuit Court of Union County, Mississippi, wherein the appellant was found guity of driving while under the influence of intoxicating liquor and on this conviction was sentenced to pay a fine of $500 and to serve a term of ninety days in jail. The court ordered that $150 of the fine and sixty days of the jail term be suspended upon good behavior of the appellant. From this decision an appeal was taken. The appellant cites as grounds for appeal the question of the defendant on his ability to hire a lawyer, the court not appointing a lawyer, and the *828 court not giving him further assistance in the trial of this cause.
The rights of indigent persons to appointive counsel will apply to all indigent persons charged with a crime who have not intelligently and competently waived their rights to appointive counsel, and the problems attendant thereto are fully set out in the following decisions: Scott v. State, 190 So.2d 875 (Miss.1966), petition for writ of error coram nobis 208 So.2d 754 (Miss. 1968); Clarke v. State, 251 Miss. 627, 170 So.2d 575 (1965); Hogue v. State, 253 Miss. 667, 178 So.2d 677 (1965); Conn v. State, 251 Miss. 488, 170 So.2d 20 (1964); Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965) ; United States ex rel. Durocher v. LaVallee, 2 Cir., 330 F.2d 303, cert. denied 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, 93 A.L.R.2d 733 (1963); Grant, Summary of Mississippi Law, § 312 (1969).
The guidelines for applying the above rule are laid down in Conn v. State, supra, wherein we quoted from Johnson v. Zerbest, 304 U.S. 458, 464-465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937), as follows:
“The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.”
In Conn v. State, supra, we also cited Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); United States ex rel. Goldsby v. Harpole, 263 F.2d 71, 83 (5th Cir. 1959), headnotes 14 and 15.
In the case at bar the proof is conclusive that the defendant was operating a motor vehicle while under the influence of intoxicating liquor, as the jury so found. The trial court found that there was an intelligent and competent waiver of counsel by appellant and that appellant was not an indigent person. The proof showed that he owned his home situated on twenty acres of land. The Sheriff of Union County testified that at the time appellant was arrested he had an amount in excess of $300 on him which, under ordinary circumstances, would be sufficient to employ competent counsel to represent him on a misdemeanor charge in the circuit court. Moreover, we cannot say that the trial court abused its discretion, or that the evidence establishes the fact that the appellant was indigent. Therefore, under the decisions of this Court and under the interpretation placed by the United States Supreme Court upon the rule in question, we hold that there was no denial to the appellant of his constitutional rights to have counsel provided for him either under our State Constitution or the Constitution of the United States.
Concerning Deaton’s failure to obtain witnesses to substantiate his assertion that he was not operating the vehicle and was not under the influence of intoxicating liquor, it is interesting to note that on July 22, 1968, the court called the case number 4862, State v. Calvin Deaton, and told the appellant that if he had any witnesses he wanted to testify to give their names to the circuit clerk, Miss Lela Garrison. On July 25, 1968, the appellant was arraigned, pled not guilty, and the case was set for trial on July 26, 1968. The appellant had from July 22 to July 26 to secure his witnesses, but made no effort whatsoever to contact them. On July 25 the court again told the appellant to give the names of any witnesses he wanted subpoenaed to the circuit clerk, and the record reveals that the appellant merely replied, “Yes, sir.”
*829 The circuit court was justified in proceeding with the trial and it accorded the appellant a fair and impartial trial. The jury resolved the issues of fact against the appellant.
For the above reasons, the judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.