ROBERTSON, Presiding Justice,
for the Court:
Ralph Brewer and Henry Hugh King were jointly indicted in the Circuit Court of the First Judicial District of Harrison County for the crime of enticing a child under 14 years of age away from her parents for the purpose of prostitution. A motion for severance was made before trial, but was overruled by the court. After a joint trial, the jury found both Brewer and King guilty and the court sentenced each defendant to 10 years in the state penitentiary.
The defendants have assigned as error:
1.That the Court erred in failing to grant a Motion for Severance;
2. That the Court erred in denying the motion of the attorney of record to withdraw from representation of one of the defendants;
3. The Court erred in overruling Defendant Henry Hugh King’s Petition for Psychiatric Examination; and
4. The Court erred in admitting into evidence the testimony of prosecutrix as to illicit and illegal acts which were not the elements or subject of the crime charged.
We are of the opinion that the trial court did not abuse its discretion in overruling the motion for severance which was made before trial, or in denying the petition for psychiatric examination of Defendant King, or “in admitting into evidence the testimony of prosecutrix as to illicit and illegal acts which were not the elements or subject of the crime charged.”
However, we are of the opinion that the court erred in overruling the motion of Robert M. Acevedo, the court-appointed attorney for both defendants, to withdraw from representation of one of the defendants because of a conflict of interest.
Mr. Acevedo earnestly and sincerely tried to explain to the court the difficulties he would encounter in representing both defendants, but was prevented by the trial court from so doing. The anticipated testimony of one' witness would tend to exculpate King but convict Brewer. If defense counsel objected to the introduction of this testimony, he would be helping Defendant Brewer but hurting Defendant King. The testimony of other witnesses might be favorable to one defendant but antagonistic to the other. Defense counsel tried to explain to the court that representing both defendants would complicate the problem of whether he should put either of the defendants on the stand in his own defense. If defense counsel was required to defend both defendants, he could not be an effective counsel for either. Counsel was in the impossible situation of deciding whether to put on evidence that possibly would convict one and clear the other.
*820 In Scott v. State, 190 So.2d 875 (Miss. 1966), Earl Scott was indicted on two counts of burglary and his wife, Lorena, was also indicted as an accessory after the fact to the crime of burglary. Mrs. Scott’s sister (appellant’s sister-in-law) employed two attorneys to represent Mrs. Scott. These two attorneys were not employed to represent appellant, Earl Scott, and did not do so. However, one or both of these attorneys did consult with appellant and his wife on some five to ten occasions after the indictments were returned. At the hearing on Earl Scott’s petition for writ of error coram no-bis, Honorable Shed Hill Roberson testified:
“We were trying to work a compromise where Mrs. Scott would not be prosecuted. We advised Mr.. Scott at the time that we were not representing him but that if he would plead guilty to certain charges, principally the one in Leflore County and at least one other in another county, then the Prosecuting Attorney had agreed that he would either remand her case to the files or dismiss it or nol-pros it. He finally agreed to that.” 190 So.2d at 876.
Scott did plead guilty to both charges and was sentenced to serve a term of 7 years on each count, the terms to run concurrently. His petition for writ of error coram nobis, alleging that at the time he pleaded guilty he was without counsel and without funds to employ counsel, was denied by the circuit court. On appeal, we reversed and remanded, being of the opinion that the petition should have been granted. In Scott, we said:
“Under the circumstances of this case, the interests of defendant and his wife were antagonistic, and it would be impossible for attorneys, who were employed solely to defend his wife, to also defend him with all good fidelity.
“Because the defendant did not have the assistance of counsel for his own defense and because this fundamental right was not competently and intelligently waived by the defendant, the judgment of the trial court must be reversed, the petition for writ of error coram nobis sustained, the original’ judgment on the pleas of guilty to the crime of burglary vacated and set aside, and this case remanded to the Circuit Court for arraignment and trial of defendant.” 190 So.2d at 876. (Emphasis added).
In 1978 the Supreme Court of the United States, in Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), had occasion to rule on a similar request to withdraw from the representation of one defendant so that counsel could devote his efforts solely to the representation of the other defendant. In Holloway the court said:
“[T]he trial judge cut off any opportunity of defense counsel to do more than make conclusory representations.” 435 U.S. at 484, 98 S.Ct. at 1179, footnote 7, 55 L.Ed.2d at 434.
The record in the case at bar indicates numerous and sincere efforts by defense counsel to show a conflict of interest in trying to effectively represent both defendants, all to no avail. Defense counsel was not allowed to make more than conclusory statements in support of his motion before being interrupted by the trial judge.
We are of the opinion that Holloway v. Arkansas, supra, is applicable to the case at bar. In Holloway the United States Supreme Court said:
“[Wjhenever a trial court improperly requires joint representation over timely objection, reversal is automatic . even if no particular prejudice is shown and even if the defendant was clearly guilty.” 435 U.S. at 488-89, 98 S.Ct. at 1181, 55 L.Ed.2d at 437.
“[T]he assistance of counsel is among those constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.” 435 U.S. at 489, 98 S.Ct. at 1181, 55 L.Ed.2d at 437.
The court then outlined some of the evils of joint representation:
“Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. For example, in this case it may well have precluded defense counsel for Campbell *821 from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution, provided a lesser charge or a favorable sentencing recommendation would be acceptable. Generally speaking, a conflict may also prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another. Examples can be readily multiplied.” 435 U.S. at 489-90, 98 S.Ct. at 1181-82, 55 L.Ed.2d at 438.
For these reasons, the conviction and sentence of each defendant must be reversed and this cause remanded for a new trial after appointment of separate counsel for each defendant if indigency is proved to the satisfaction of the court. Severance also should be granted, and each defendant tried separately.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.