## Kennard *v.* State

No. 41890          January 14, 1963          148 So. 2d 660

*R. Jess Brown,* Vicksburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Clyde Kennard was convicted of burglary in the Circuit Court of Forrest County, and his conviction was affirmed by this Court on April 3, 1961. Kennard v. State of Miss., 242 Miss. 691, 128 So. 2d 572 (1961), cert. den., 368 U.S. 869, 82 S. Ct. 111, 7 L. Ed. 2d 66.

On December 21, 1962 Kennard filed in this Court an application for leave to file a petition for writ of error coram nobis in the Circuit Court of Forrest County, Mississippi. Miss. Code 1942, Rec., Sec. 1992.5. This application was based on alleged newly discovered evidence, and a decision of the U. S. Circuit Court of Appeals, 5th Circuit, granting a temporary injunction in a civil rights suit by the United States against Theron C. Lynd, Circuit Clerk and Registrar of voters of Forrest County. U. S. v. Lynd, 301 F. 2d 818 (C.A. 5th, 1962).

Along with the application, Kennard entered a motion to set it "for hearing as an emergency matter." It was based on the fact that applicant brought in the U. S. District Court, Northern District of Mississippi, Delta Division, a petition for writ of habeas corpus against C. E. Breazeale, Superintendent of the State Penitentiary. The motion does not contain a copy of the petition for habeas corpus, or the response of Breazeale, but has attached to it a certified copy of the hearing in that matter, before District Judge Allen Cox, upon respondent's motion to dismiss the petition for writ of habeas corpus. The district court sustained that motion to dismiss on December 10, 1962, on the ground that Kennard should apply first to the state courts of Mississippi for a post-conviction remedy, if he were entitled to it.

(Hn 1) Hence Kennard filed in this Court the present application for leave to file a petition for writ of error coram nobis in the Circuit Court. It charges that, despite the proof in the record in the case of Kennard v. State, No. 41,890, the Circuit Court, in the trial on the merits for burglary, erred in declining to quash the venire and the indictment. This is a re-argument of the case on the merits of that issue. It was fully discussed in our original decision affirming the conviction. 242 Miss. at 695-701, 128 So. 2d 572, cert. den., 368 U. S. 869, 82 S. C. 111, 7 L. Ed. 2d 66. On that single aspect of the application, namely, a re-argument of the facts reflected in the record of the trial, we of course decline to reconsider matters finally adjudicated.

The application also avers certain facts ''not contained in the record and unknown to the trial court as a matter of record.'' These averments of newly discovered facts are summarized apparently from the opinion in U. S. vs. Lynd, *supra*. No affidavits are attached to the application to support the alleged facts. The record in the burglary trial contained a large amount of testimony offered by applicant therein on his motions to quash the indictment and venire on the ground of systematic exclusion of Negroes from grand and petit juries. The trial court and this Court considered carefully the evidence, and concluded that Kennard failed to show any such systematic exclusion. 242 Miss. 691, 695-701, 128 So. 2d 572.

Moreover, that same record reflects that, after Kennard moved for a writ of subpoena duces tecum, for production of the voter registration books, his counsel withdrew that motion. Hence our original decision held that appellant could not complain of the trial court's failure to sustain his motion, when he withdrew it. 242 Miss. 700-701. Since this issue was fully tried and adjudicated in the trial court and this Court (the hearing on the merits of the burglary charge), additional evi-

dence which Kennard might produce in a new hearing on it would simply be cumulative.

(Hn 2) The writ of error coram nobis cannot be invoked for newly discovered evidence going to the merits of the issue tried in the court below. Lang v. State of Mississippi, 230 Miss. 147, 167, 92 So. 2d 670 (1957). However, in Lang v. State it was held that, where the writ of error coram nobis does not lie, and a petition is filed under Code Sec. 1992.5, bringing a case within certain limitations, "we will entertain such petition as being a remedy supplemental to the writ of error coram nobis." 230 Miss. at 170. Those limitations are outlined in 230 Miss. at 172:

"Such a petition should be confined to the narrowest limits compatible with justice; it will be sustained only if the newly discovered evidence is of such nature that it would be practically conclusive that it would cause a different result; it will not be sustained if the petitioner or his attorney knew of the existence of such evidence at the time of the trial, or could have discovered it by the exercise of due diligence; it will not be sustained if the newly discovered evidence is merely cumulative, or additional to that adduced at the trial; it will not be sustained if the newly discovered evidence merely tends to impeach other testimony offered at the trial; and it must be filed as soon as reasonably practical after the discovery of the new evidence."

In the subsequent hearing on the Lang application, Lang v. State, 232 Miss. 616, 624, 100 So. 2d 138 (1958), it was said that a petition for newly discovered facts would not be entertained unless there is a "substantial probability" that a new hearing on the factual issue would produce a different result. Cf., Rogers v. Jones, 240 Miss. 610, 618 et seq., 128 So. 2d 547 (1961).

(Hn 3) Considering this application as one supplementary to a petition for writ of coram nobis, it does not fall within the ample due process standards of the

*Lang* cases. The alleged newly discovered evidence is cumulative and additional to that adduced at the trial on the identical issue of systematic exclusive. It would tend to impeach other testimony offered by Kennard himself at the trial. Applicant does not show that such evidence could not have been discovered by him, for presentation at the trial, by the exercise of due diligence; and it would certainly not render it practically conclusive or reasonably probable that a different result would follow on a re-hearing of this issue.

Applicant avers that the Court of Appeals, 5th Circuit, in U. S. v. Lynd, made a "finding of fact and final judgment" adjudicating that Negroes had been systematically discriminated against in their efforts to register to vote in Forrest County. 301 F. 2d 818. However, an examination of that decision reflects that it was an appeal from a denial of a temporary injunction against the registrar. The only evidence produced at the hearing in the district court was that offered by plaintiff. The Court of Appeals held only that, on that showing and at that stage of the case, the district court should have granted a temporary injunction "pending a final adjudication"; that, on the plaintiff's evidence alone, there was a systematic denial to Negroes by Lynd of equal rights to register and vote in Forrest County.

However, the court made it clear it was not considering the appeal "on the merits" and was not making "a final adjudication of the legal points involved," since they had not been briefed and were not then before the Court of Appeals. The defendants on the hearing in the district court could make such "counter showing" as they deemed proper. Hence U. S. v. Lynd is not a final judgment on the merits of that suit, which was still then pending for completion of the trial in the district court. Plaintiff made there a prima facie case warranting a temporary injunction pending final adjudication. Because of the limited interlocutory nature

of the decision in U. S. v. Lynd, we do not reach or consider the relationship or effect, if any, of a final judgment on the merits in that case with reference to the instant proceeding.

The fair and efficient administration of justice requires that, at some point, litigation of judicial issues shall be finally determined and ended. In sum, applicant's request for a new hearing on the same issues which he presented fully to the court, in his trial on an indictment for burglary, has no merit, because it does not come within reasonable standards, previously determined, for re-opening a judgment after it becomes final. Applicant has had his day in court on these identical issues. Our responsibility for the administration of justice in this state requires that, under these circumstances, the application be denied.

Application for leave to file petition for Writ of Error Coram Nobis denied.

All Justices concur, except Arrington, J., who took no part.