426 So.2d 801 (1983)
Samuel CALLAHAN, et al.
v.
STATE of Mississippi.
Misc. No. 1445.
Supreme Court of Mississippi.
February 16, 1983.
*802 McTeer & Bailey, Charles Victor McTeer, Greenville, for appellants.
Bill Allain, Atty. Gen. by William S. Boyd, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PRATHER, Justice, for the Court:
This cause involves (1) petitions for rehearing filed by both the appellants and the state on denial of petition for writ of error coram nobis filed by the above named seven petitioners, and (2) an application for bail filed by Eddie James Carthan. The prior opinion of the Court handed down the 10th day of November, 1982, is withdrawn, and the following is now the Court's opinion.
The petitioners were convicted for the crime of assaulting a police officer in the Circuit Court of Holmes County.[1] On appeal, we affirmed in a unanimous decision. Callahan v. State, 419 So.2d 165 (Miss. 1982). No petition for rehearing was filed in the case (No. 53,361), and the time for filing such a petition has expired. Miss.Sup.Ct. Rule 14.
On October 1, 1982, the petitioners filed their post-conviction petition for relief (Misc. No. 1445), which was entitled petition for writ of error coram nobis. The assignments of error in the petition were concerned with both the trial and appellate proceedings, and may be summarized as follows:
1. Due Process  failure of trial court to instruct on powers and duties of mayor (requested instructions D-2 and D-3) and requirements for lawful appointment of a chief of police (requested instruction D-6).
2. Due Process  use by the state of false "facts and legal theories" to obtain a conviction.
3. Due Process  affirmation by this Court of petitioners' convictions upon a theory different from that employed in the trial court.
4. Thirteenth, Fourteenth, and Fifteenth Amendments  use of the criminal process to disenfranchise black voters.
5. Sixth/Fourteenth Amendment  denial of effective assistance of counsel.
*803 Carthan filed his additional petition for bail in order to obtain a release from confinement while this Court considered the petition for writ of error coram nobis.

I.
We first address the petition for writ of error coram nobis by recognizing a basic premise in this jurisdiction that such post-conviction petitions are limited in nature. Justice Ethridge, in the case of In re Broom's Petition, 251 Miss. 25, 168 So.2d 44 (1964), set forth the circumstances in which a writ for error coram nobis would lie. His opinion states:
The general scope of a petition for writ of error coram nobis, or motion in the nature thereof, is to bring before a court a judgment previously rendered by it, for the purpose of review or modification. There must be some error of fact and not of law affecting substantially the validity and regularity of the proceedings, which was not brought into issue at the trial. Such motion or petition is an extraordinary and residual remedy to correct or vacate a judgment on facts or grounds not appearing on the face of the record, not available by appeal or otherwise, and not discovered until after rendition of the judgment, without fault of the party seeking relief. It is an attack on a judgment of conviction, valid on its face, but defective by reason of facts outside the record, which deprived accused without fault on his part of the constitutional right to a fair trial. [Emphasis added]. [251 Miss. at 32-33, 168 So.2d at 48].
With this background in mind, our Court has since ruled that the writ of error coram nobis will not be allowed to relitigate questions of law or fact already decided by this Court. Auman v. State, 285 So.2d 146 (Miss. 1973). Moreover, "a defendant in a criminal trial may not deliberately hold back matters known to him at the time of his trial until after the affirmance of his conviction and then, for the first time, use them to begin the whole process all over again." Holloway v. State, 261 So.2d 799, 800 (Miss. 1972).

IIA.
The petitioners' first assignment of error concerns the failure of the trial court judge to grant certain jury instructions requested by the petitioners' counsel. (D-2 and D-3 were instructions defining the powers and duties of mayors) (D-6 defined the requirements for the lawful appointment of the chief of police). This same issue was raised by the petitioners on appeal. 419 So.2d at 176. The proper time to reconsider such an issue would have been on a rehearing of the appeal, but the petitioners failed to file for a rehearing. They cannot now attempt to relitigate a question of law already decided on appeal by this Court through a petition for writ of error coram nobis.

IIB.
For the same reason, the petitioners' fourth assignment is also an improper ground for granting a writ of error coram nobis. The fourth assignment alleged that the prosecution unconstitutionally chose to prosecute the petitioners in order to disenfranchise black voters. On appeal, the petitioners argued that the state selectively and arbitrarily chose to prosecute the petitioners. Id. at 171. It is readily apparent that the petitioners are simply attempting to relitigate the same question of law again. Consequently, this assignment does not meet the "error of fact" requirement.

IIC.
The petitioners' second assignment alleges that the state used false "facts and legal theories" to obtain the convictions. This claim is based on an alleged admission by the state's appellate attorney, during oral argument before this Court, that Jim Andrews was not a lawfully appointed officer when he was assaulted by the petitioners. As a result of this supposed admission, the petitioners additionally contend, in their third assignment, that their convictions were affirmed on "grounds alien to the theory upon which the prosecution proceeded at the trial level."
*804 The petitioners' claims are totally devoid of merit because the prosecution proceeded, throughout trial and on appeal, on the theory that the petitioners had assaulted James Harris, a member of the Tchula police department. The indictment on which the petitioners were charged specifically accused them of attempting to cause serious bodily injury to James Harris. At trial, the facts revealed that both Harris and Andrews were assaulted during the incident in question. In fact, the petitioners claimed on appeal that they were entitled to a peremptory instruction because the state had allegedly failed to prove that Harris was a police officer acting within the scope of his duty. Id. at 174. On appeal, we noted that the case involved an attack on Harris. Id. at 177. Clearly, the prosecution proceeded on the basic premise that Harris was the victim of the crime charged, and did not proceed on the premise that Andrews was the victim. These assignments fail to supply the petitioners any basis for a writ of error coram nobis.

IID.
The petitioner's final assignment involves a claim of ineffective counsel, an issue not asserted on appeal. We address it for the first time in this post conviction proceeding.
Since 1932, the United States Supreme Court has recognized that the constitutional right to assistance of counsel in criminal cases includes the right to effective assistance of counsel. Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955); Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). But, the Court has never fashioned a specific test for determining whether a defendant has received effective counsel. Comment, The Sixth Amendment Right to Effective Counsel: What Does It Mean Today?, 59 Neb.L.Rev. 1040 (1980); T. Fitzhugh, III, Providing Effective Assistance: The Duty of Defense Counsel, 4 Am.J. of Crim.L. 123 (1975-76). In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), the Court stated that an attorney's service must be within "the range of competence demanded of attorneys in criminal cases," but that questions involving the effectiveness of counsel should generally be "left to the good sense and discretion" of the lower courts. 397 U.S. at 771, 90 S.Ct. at 1449. Beyond this general language, the United States Supreme Court has placed the responsibility of specifying standards for adequate representation by counsel upon the lower courts. This has resulted in several different standards by the various federal courts of appeal. Comment, Ineffective Assistance of Counsel: Who Bears the Burden of Proof?, 29 Bay L.Rev. 29 (1977).
In Mississippi, our Court has applied several different tests. See, e.g., Edwards v. State, 413 So.2d 1007 (Miss. 1982) ("offensive to the common and fundamental ideas of fairness and right" test); Parham v. State, 229 So.2d 582 (Miss. 1969) ("mockery of justice" test); Stewart v. State, 229 So.2d 53 (Miss. 1969) ("reasonably likely to render and rendering reasonably effective assistance" test). We agree with the sentiment expressed by our Court in Stewart v. State, supra, and the expression of that principle in subsequent cases.
In MacKenna v. Ellis, 280 F.2d 592 (5th Cir.1960), the federal court employed for the first time the test of "counsel reasonably likely to render and rendering reasonably effective assistance." Id. at 599. This test is now used regardless of whether counsel is appointed or retained. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). And, under this test, the court must not limit itself to a review of the counsel's performance at trial. Washington v. Watkins, 655 F.2d 1346 (5th Cir.1981), cert. denied, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982).
In applying the test, the first line of inquiry is to determine whether the counsel was reasonably likely to render reasonably effective assistance. In Washington v. Watkins, supra, the court reviewed the counsel's education, experience, and expertise in criminal cases. Recently, in Bell v. Watkins, 692 F.2d 999 (5th Cir.1982), the *805 court considered the assistance reasonably likely to be rendered by a recent law school graduate. The court ruled that such assistance would not be held ineffective as a matter of law.
The second line of inquiry is to determine whether counsel in fact rendered reasonably effective assistance in that case. Bell v. Watkins, supra. In addition, if counsel failed to provide reasonably effective assistance, the defendant must show that he was prejudiced in a way that would not have come about had his rights been constitutionally protected. Washington v. Watkins, supra at 1360. Thus, the petitioners must show that ineffectiveness of counsel resulted in actual and substantial disadvantage to the course of their defense. Washington v. Strickland, 693 F.2d 1243, 1262 (5th Cir.1982) (overruling Washington v. Strickland, 673 F.2d 879 (5th Cir.1982)). And, "even if the defense suffered actual and substantial disadvantage, the state may show in the context of all the evidence that it remains certain beyond a reasonable doubt that the outcome of the proceedings would not have been altered but for the ineffectiveness of counsel." (emphasis ours). Id.
Addressing the first line of inquiry regarding whether counsel was reasonably likely to render reasonably effective assistance, we note that in the lower court counsel for the defendants were Alix H. Sanders and Fred Sanders of Greenwood. On the appeal phase to this Court, the file reflects counsel to be Alix H. Sanders and Charles Victor McTeer of Greenville. No background appears on education, experience, or expertise.[2] In fact, the petition for writ of error coram nobis does not contend that counsel was reasonably unlikely to render reasonably effective assistance because of inadequate education, experience, or expertise in criminal cases. Therefore, we must conclude that both trial and appellate counsel were reasonably likely to render effective service.
As to the second inquiry, we must discuss the performance actually rendered to determine whether counsel provided reasonably effective assistance. Specific areas of alleged ineffective performance in this petition may be summarized as follows:

I.

ON PRETRIAL
1. Counsel's failure to properly prepare and investigate the background of the case.

II.

DURING TRIAL
2. Counsel's failure to subpoena available witnesses who could corroborate the defendant Carthan's testimony as to the appointment of Andrews.
3. Counsel's failure to object to hearsay testimony from Jewel McPhail on the appointment of the police chief.
4. Counsel's failure to present evidentiary support on lawful appointment of a police officer.
5. Counsel's failure to submit proper instructions.
6. Counsel's failure to raise objections in constitutional terms.

III.

ON APPEAL
7. Failure to properly assign error in accordance with applicable state law and in constitutional terms with authorities cited.
In analyzing the allegations of ineffective assistance, we note that the petition assigns the above enumerated shortcomings in very broad general terms. No allegation with specificity is given as to which unnamed witnesses were available, what witness would corroborate testimony, what preparation or investigation was omitted, *806 what testimony was hearsay, what instructions of the law were omitted, or what objections to testimony were overlooked by defense counsel.
In addition to the above inadequacies the defendants failed to show how their case was prejudiced by such omissions with specificity. The petitions make no such allegation of how the outcome of the proceedings would have been altered had counsel performed differently.
Since the application fails to state, with specificity, the grounds of ineffective assistance of counsel and the resulting prejudice to the petitioners' defense, we are unable to grant the petitioners leave to file a petition for writ of error coram nobis with the lower court. Miss.Sup.Ct. Rule 38. However, the petitioners are granted leave to file a new application and affidavits showing more specific examples of ineffective counsel, if any, and of resulting prejudice.

III.
On the issue concerning the motion for bail filed by Eddie James Carthan,[3] we must deny his request for relief, having denied the petition for writ of error coram nobis.
All Justices concur.
NOTES
[1] Each of the petitioners were sentenced to serve terms of three (3) years. However, the sentences of Callahan, Dale, Johnson, Common, Matthews, and McLaurin were suspended. Only Carthan was required to serve time in prison.
[2] Law listings reveal that Alix H. Sanders was born in 1942 and received a B.A. Degree from Jackson State College, Jackson, and a J.D. Degree from University of Mississippi. He was admitted to the Bar in 1969. Charles V. McTeer was born in 1948. His B.A. was from Western Maryland College and his J.D. Degree was from Rutgers University.
[3] Eddie James Carthan has also been convicted of the federal crime of obtaining loans from a federal bank through the making of false statements. His conviction for that crime has been affirmed as well. United States v. Carthan, 696 F.2d 994 (5th Cir.1983).