434 So.2d 212 (1983)
Willie Albert SMITH
v.
STATE of Mississippi.
No. 53564.
Supreme Court of Mississippi.
June 1, 1983.
Rehearing Denied July 27, 1983.
*214 Minor F. Buchanan, Jackson, John E. Gregg, Raymond, Robert J. Brantley, Jr., Jackson, for appellant.
*215 Bill Allain, Atty. Gen. by Robert D. Findley and Marvin L. White, Jr., Sp. Asst. Attys. Gen., Jackson, for appellee.
En Banc.
BROOM, Presiding Justice, for the Court:
Post-conviction relief[1] is sought by the petitioner in the instant case, Willie Albert Smith. Smith was convicted of the March 15th, 1981, capital murder of a convenience store operator, Shirley Roberts. On appeal, we affirmed the petitioner's conviction and death sentence on August 11, 1982. Smith v. State, 419 So.2d 563 (Miss. 1982). After we denied Smith's petition for rehearing, the United States Supreme Court denied Smith's petition for writ of certiorari, ___ U.S. ___, 103 S.Ct. 1449, 75 L.Ed.2d 803 (1983).
Smith now seeks our permission for leave to file a petition for post-conviction relief in the lower court, assigning 19 individual grounds which he maintains entitle him to post-conviction relief. At the outset it should be noted that this Court has repeatedly and consistently held that post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal.[2]Callahan v. State, 426 So.2d 801 (Miss. 1983); Bell v. Watkins, 381 So.2d 118 (Miss. 1980); Auman v. State, 285 So.2d 146 (Miss. 1973); Irving v. State, 194 So.2d 239 (Miss. 1967); Gordon v. State, 160 So.2d 73 (Miss. 1964); Kennard v. State, 246 Miss. 209, 148 So.2d 660 (1963); Rogers v. State, 240 Miss. 610, 128 So.2d 547 (1961); Goldsby v. State, 226 Miss. 1, 78 So.2d 762 (1955); Wetzel v. State, 225 Miss. 450, 76 So.2d 188 (1955).
While each of petitioner Smith's claims are individually noted and addressed below, we note at the outset that the first three of these asserted grounds which he claims entitle him to post-conviction relief are grouped under the general heading of "constitutional claims relating to sentence that depend upon cases currently pending." It is true that Mississippi post-conviction relief procedures may be employed to either obtain relief under a retroactively applied court decision, or to test the retroactivity of such a decision. Culberson v. State, 412 So.2d 1184 (Miss. 1982); Spears v. State, 278 So.2d 443 (Miss. 1973); Taylor v. State, 285 So.2d 172 (Miss. 1973). See also Woodruff v. State, 187 So.2d 883 (Miss. 1966), cert. den. 386 U.S. 919, 17 L.Ed.2d 790, 87 S.Ct. 881 (1977). Nonetheless, the petitioner's plea that this Court stay its hand in anticipation of what the United States Supreme Court may (or may not) decide is not well taken. If we were to delay our decision on a case, or delay the execution of a sentence, solely for the reason that the United States Supreme Court might decide a case involving similar points, the wheels of judicial administration would of necessity come to a grinding halt. Our function as the highest court of the state of Mississippi is to interpret, apply, and shape the law as we see it. Indulgence in prognostications as to the future actions of either the United States Supreme Court or any other court is not our function.[3]
*216 The petitioner's first such assigned ground for relief is the state's interjection of evidence relating to Smith's purported rape of the victim as an aggravating circumstance. At trial, the defendant objected on three separate occasions to the state's interjection of such evidence, but failed to raise the issue on appeal. The petitioner apparently deemed himself not to have been prejudiced by the interjection of such matters, and abandoned this issue. Thus we hold that he has chosen to accept the trial court's original determination of the issue and is barred from relitigating this issue in post-conviction relief proceedings. Edwards v. Thigpen, supra; Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983). See Auman v. State, supra.
Second asserted ground for relief is the jurors' instruction allowing them to consider "committed for pecuniary gain" as an aggravating circumstance in addition to the underlying felony of robbery. This issue was raised at trial, assigned as error and argued on appeal, and thus has been fully and finally adjudicated, barring petitioner Smith's attempt to relitigate it in post-conviction proceedings. Wheat v. Thigpen, supra; Edwards v. Thigpen, supra; Callahan v. State, supra.
Petitioner's third assigned ground for post-conviction relief relates to alleged improper prosecutorial closing argument to the effect that the rendition of a life sentence for Smith would in actuality result in his being released on parole in ten years. These comments (as to parole and punishment) by the prosecutor were not objected to by defense counsel,[4] and were not asserted on appeal. If, within the context of the trial, petitioner felt such comments to have been improper, and felt himself to be prejudiced thereby, the question of the propriety of such argument could and should have been litigated at trial and subsequently on direct appeal. Having failed to do so, he is barred from raising this issue for the first time in post-conviction relief proceedings. Wheat v. Thigpen, supra; Edwards v. Thigpen, supra. See particularly, Holloway v. State, 261 So.2d 799, 800 (Miss. 1972).
Fourth alleged ground for relief relates to his claim that the in-court identification of Smith by witnesses Thomas and Wells was "impermissibly tainted." This issue was raised in petitioner Smith's supplemental assignment of error and was considered by this Court on direct appeal. Smith v. State, supra, at 574. Having been fully adjudicated against petitioner Smith, this issue is barred from consideration in post-conviction relief proceedings.[5]Holloway v. State, supra.
*217 The next asserted ground for relief urged by petitioner Smith involves the admissibility of evidence seized from Smith's house as the result of a search which was conducted without a search warrant. This issue was raised at trial, and on direct appeal. We exhaustively analyzed and reviewed the circumstances surrounding this search and seizure, concluding that the search was permissible under the emergency exception to the requirement of a search warrant. Therefore, this issue having been completely and thoroughly litigated and adjudicated against petitioner Smith, he is barred from attempting to relitigate it in post-conviction relief efforts.
His next ground for relief is the assertion that the trial court erred in failing to restrain the district attorney's interference with his attempt to impeach a witness on cross-examination. This issue was not raised on direct appeal and is barred.
Petitioner's next asserted ground for relief is the trial court's rejection of the defense's challenge for cause of a potential juror. This issue was not assigned as error on direct appeal. Petitioner Smith, having therefore accepted the trial court's ruling on the matter, is now barred from attempting to again raise this issue in post-conviction proceedings.
Petitioner Smith next urges that the trial court's denial of his motion for a change of venue was error and constitutes grounds for post-conviction relief. Once again, we note that he did not raise this issue on direct appeal; he is barred from raising it now.
He urges that the trial court erroneously failed to instruct the jury that the age of the petitioner at the time of the commission of the crime was a mitigating circumstance to be considered in their consideration of the sentence to be imposed upon Smith. This issue was not raised at trial.[6] Nevertheless, as a part of our statutorily imposed duty to review the entire trial, we specifically found on direct appeal that the jury had been properly instructed with respect to, inter alia, the petitioner's age. Having been adjudicated on direct appeal, the issue is barred from post-conviction proceedings.
Smith next claims that there is an absence of a specific finding by the jury of the fact that Smith intended to take a life and therefore he is entitled to a new trial. Enmund v. Florida, ___ U.S. ___, ___, 102 S.Ct. 3368, 3377, 73 L.Ed.2d 1140, 1152 (1982). This issue was neither raised at trial nor assigned as error on appeal. Likewise, there is no showing of any lack of "constitutional tools" by the defendant which could have been used to construct this defense. See Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Although not necessary to our holding today, we note in passing that the evidence clearly warranted such a finding by the jury.
Smith next alleges that there was an absence of notice with regard to the aggravating circumstances to be used by the state in seeking the imposition of the death penalty. This issue was not raised at trial or on appeal, and thus is now barred.
He claims that the failure to provide a presentence report constitutes grounds for post-conviction relief. Again, this issue was not raised at trial nor on *218 appeal. Once again, if petitioner felt himself to be prejudiced thereby, this issue could and should have been litigated at trial. Petitioner is therefore barred from seeking post-conviction relief on this ground. See In re Jordan, 390 So.2d 584 (Miss. 1980).
Smith contends that the removal of jurors who had scruples against capital punishment constituted a violation of the rule set forth by the United States Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). By failing to raise this issue on direct appeal, Smith accepted the trial court's determination of this matter and is barred from attempting to raise it now in post-conviction relief proceedings.
Next, Smith contends that the trial judge's report on the proceedings which was forwarded to the Mississippi Supreme Court as part of the appellate process, was inadequate. This issue was not raised on direct appeal and is barred from consideration as grounds for post-conviction relief.
Smith's next contention relates to the alleged inadequacy of appellate review procedures in this state. As we have previously held, such attacks on the propriety of appellate review procedures are to be raised on direct appeal. Wheat v. Thigpen, supra, at 489. As we noted in Wheat, this is of necessity true since post-conviction relief hearings are conducted at the trial court. Such a trial court has no way of passing on the adequacy of appellate procedures. Therefore, had defendant felt aggrieved by the appellate procedures set up by the legislature and by this Court, he should have raised such contentions on direct appeal or petition for rehearing.
No assignment of error was made on direct appeal as to the purported "discriminatory aspects" of the imposition of the death penalty in Mississippi. Therefore, Smith's asserted ground for relief on this issue is now forfeited and barred.
At trial there was no objection to the instruction on the aggravating circumstance set forth in Mississippi Code Annotated § 99-19-101(5)(h) as to the heinous, atrocious, or cruel nature of the murder. Likewise, the giving of this instruction was not raised on direct appeal, barring petitioner from raising it in post-conviction proceedings. See Mississippi Supreme Court Rule 42.
Petitioner Smith next points to several incidents of alleged prosecutorial misconduct. Once again, at the risk of being somewhat repetitious, we are compelled to observe that this issue was not raised on direct appeal. Having accepted the trial court's determination of such matter, the issue is now barred from further consideration.
The last ground which Petitioner Smith asserts as justifying post-conviction relief relates to his charge of denial of effective assistance at trial. We have recently spoken to the substantive and procedural aspects for properly maintaining such a claim for relief. In Callahan v. State, 426 So.2d 801 (Miss. 1983), we established the substantive test to be employed in analyzing an ineffective assistance of counsel claim. Callahan set forth that the two-prong test was consideration of (a) whether counsel was reasonably likely to render effective assistance, and (b) whether counsel in fact rendered effective assistance. Under this second prong we adopted the rule that petitioner shoulders the burden of showing that in fact such assistance was not rendered and that a defendant was actually prejudiced by such failure.
Having set forth the substantive test to be employed in the analysis of ineffective assistance of counsel claim, the next step taken by this Court was in Read v. State, 430 So.2d 832, 836 (Miss. 1983). In Read, we noted that the failure to assign the lack of effective assistance of counsel at trial was not a procedural bar to the subsequent raising of the question of ineffective counsel either on appeal or in subsequent post-conviction relief proceedings. We delineated the following procedure to be employed in maintaining such a claim: If, after affirmance on direct appeal, a defendant wishes to *219 pursue a claim of ineffective assistance of counsel, he may file an appropriate post-conviction proceeding raising this question. See Read, at 841. We held that, assuming that the petitioner's claim stated a prima facie case, he would then be entitled to an evidentiary hearing at the trial court on this question. We also specifically held that "a petitioner desiring such a hearing must tender two tickets at the door: (a) a pleading complying with Rule 38, Mississippi Supreme Court Rules, and (b) a pleading stating facts which, if proved, would entitle petitioner to relief."
In other words, one seeking to maintain the claim of ineffective assistance of counsel must comply with procedures set forth in Rule 38 of the Mississippi Supreme Court Rules and must state with specificity facts which, if proved at a hearing by clear and convincing evidence, would satisfy the substantive requirements which we set forth in Callahan. Stated differently, he must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different. Petitioner Smith has failed to comply with these requirements. He has pointed to several instances of alleged examples of ineffective counsel, but he has failed to allege with specificity that such "shortcomings" were not the result of trial tactics or strategy but were indeed indicia of the fact that petitioner Smith was denied effective assistance of counsel. Likewise, he has not specifically alleged that he was actually prejudiced by such purported ineffectiveness. Under our rule set out in the Callahan case, a petitioner must allege and prove that but for the specific alleged facts set out in his petition, the result of the trial would have been different.
These requirements, although somewhat technical, are matters of substance and are vitally important both for this Court and for a lower court to be adequately apprised of the specific nature of a petitioner's claim of ineffective assistance of counsel. In Read, we noted that by virtue of the "nature of the beast" the only way a claim of ineffective assistance of counsel could be decided (either on direct appeal or in post-conviction relief proceedings) without the adducement of additional facts at an evidentiary hearing would be in the event that the parties stipulated that the trial transcript itself was sufficient for the determination of such question. In pointing to specific alleged examples of ineffective counsel, petitioner Smith goes no farther than the record. He makes no allegations of facts outside the record which he intends to use in support of his ineffective assistance of counsel claim. His petition charges that trial counsel was "not mostly a criminal lawyer ..." but the charge is unsupported by any affidavit except Smith's own general affidavit. Likewise, no affidavits (except Smith's) are attached as to his charge that trial counsel failed to make proper objections, failed to call proper rebuttal witnesses, failed to make "necessary investigations" and prepare for trial. The trial judge's report (trial transcript pages 1630, 1633) shows that attorney Gregg has practiced law for 30 years and has a "general" practice. This Court is likewise aware that attorney Gregg is a reputable and capable attorney who has an extensive law practice in the Hinds County, Mississippi, area. Therefore, we are compelled to conclude that Smith has in effect stipulated that the ineffective assistance of counsel claim which he propounds may be determined strictly from an examination and review of the record itself. This being so, we are likewise compelled to conclude that this issue has been previously adjudicated. In our original opinion in Smith's direct appeal we held: "At the trial the defendant was ably defended by astute counsel retained by his family." Our review of the case at that time (so far as the record shows) pursuant to our statutorily imposed duty of review in a death penalty case convinced us of such able and competent efforts on the part of Smith's defense counsel. In the absence of any specific allegations of fact which do not appear within the trial record itself, Smith's claim of ineffective *220 assistance of counsel has been previously adjudicated and is therefore barred from consideration. Wheat v. Thigpen, supra.
We are compelled to note that in the instant case, as is all too often the case in similar post-conviction relief efforts which come before this Court, the petitioner is in actuality merely seeking to relitigate his case. Such is not the proper function of post-conviction relief proceedings in Mississippi. The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to "take a bite at the apple." Likewise, the orderly administration of justice does not require this Court to "lead a defendant by the hand" through the criminal justice system. It is this Court's responsibility to provide a meaningful opportunity for defendant to raise his claims and have them adjudicated.
Smith neither subscribed nor swore to this petition as it was originally filed, as is required by Mississippi Supreme Court Rule 38. The only affidavit attached to the petition and brief in support thereof was made by Smith's present attorney, who made his affidavit upon "information and belief," not upon facts within his personal knowledge as required by Rule 38.[7] Nevertheless, rather than dismissing Smith's petition outright for failure to comply with the Rule, we allowed him time to amend his application and to support it with "proper affidavits and signatures" as required by Rule 38. Smith chose to offer the barest compliance with this opportunity to amend by attaching only his own affidavit, couched in brief, general terms.
We hold that Willie Albert Smith has been afforded a meaningful opportunity to raise his claims at trial, on appeal, and now in this application for leave to file a petition for post-conviction relief. Having afforded him this opportunity, our role with respect to his claims is at an end requiring denial of the requested relief.
APPLICATION DENIED WITH PREJUDICE.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] See Edwards v. Thigpen, 433 So.2d 906 (Miss. 1983) for a discussion of Mississippi's present post-conviction relief procedures.
[2] Similarly, post-conviction relief does not lie for facts and issues which were litigated at trial or on appeal. See Edwards v. Thigpen, supra; Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983); Auman v. State, 285 So.2d 146 (Miss. 1973).
[3] We are not suggesting that the raising of heretofore unrecognized constitutional objections and arguments at trial and on appeal constitutes naught but an exercise in futility. In Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), this nation's highest court held that for the purpose of overcoming state procedural bars with respect to the raising of issues in federal habeas corpus proceedings, notions of comity and finality dictated that a failure to raise such heretofore unrecognized constitutional issues would be excused only where the accused "lacked the tools to construct such a constitutional claim." Engle v. Isaac, 456 U.S. at 133, 102 S.Ct. at 1574, 71 L.Ed.2d at 804. Engle underscores the importance of an accused's actions in marshaling all available constitutional claims and presenting them at his trial and appeal.

While the notions of comity cited by the United States Supreme Court as part of the rationale for the adoption of such a rule are basically irrelevant in proceedings such as the one at bar, notions of finality of solemnly entered judgments are most relevant. These notions of finality dictate a similar rule in Mississippi post-conviction proceedings with respect to constitutional claims which were unrecognized at the time of an accused's trial. Such unrecognized constitutional claims will be allowed as grounds for overcoming the procedural bars which we have strictly applied in Wheat v. Thigpen, supra, and Edwards v. Thigpen, supra, only upon a clear showing that such claims could not have been raised at trial and on appeal. Such a rule is consistent both with the United States Supreme Court holding in Engle v. Isaac, supra, and our own longstanding rule that post-conviction relief in Mississippi does not lie for facts and issues which could or should have been litigated at trial. See cases cited in text at note 2 supra.
Noteworthy here, petitioner Smith makes no claim whatsoever that the constitutional claims presently under consideration by the United States Supreme Court were unavailable to him at his trial or on his direct appeal. He merely claims that this Court should stay its hand pending the resolution of the issues presented in the Supreme Court cases. Such allegations are insufficient for the purposes of calling into question a solemnly entered judgment of guilt.
[4] At page 1577 of the trial transcript, a general objection was made, but upon inquiry by the court, defense counsel clearly indicated that this objection was to "the exhibit," i.e., the slides of Shirley Roberts' body which were being shown to the jury during the district attorney's closing argument.

Defense counsel initiated the matter of punishment and the possibility of parole in his own closing argument to the jury. See trial transcript at page 1562.
[5] In a footnote in Smith's petition, he renews the claim made on appeal that witness Thomas was unable to identify Smith as the man in the parking lot struggling with Shirley Roberts. It should be noted that we likewise specifically discussed this purported inability to identify Smith in our original opinion on direct appeal. See Smith v. State, supra, at page 565, note 1. Witness Thomas specifically identified Smith as the man in the parking lot. Thomas testified that he did not identify Smith in the lineup conducted on July 18th but testified that he did recognize the man in the lineup and that his failure to identify him at that time was the result of pressure from his family. See trial record page 610. Petitioner's out-of-context excerpt of this small portion of the entire testimony ignores direct testimony by the witness to the contrary. As we noted in our original opinion, these conflicts in witness Thomas's testimony merely created a question of credibility which was for the jury to resolve. This issue was likewise adjudicated and is barred.
[6] In all probability, the reason that this objection was not raised at trial was due to the fact that the jury in actuality was instructed to consider age. See trial transcript page 1612.
[7] The purported cause for the lack of both affidavit and signatures by Smith was his attorney's rather novel assertion that the penitentiary at Parchman was 400 miles from Jackson, Mississippi.