446 So.2d 600 (1984)
Mack Arthur KING
v.
Morris THIGPEN, Commissioner, Mississippi Department of Corrections, et al.
No. 53027.
Supreme Court of Mississippi.
March 7, 1984.
James E. Rocap, III, Washington, D.C., Wilbur O. Colom, Colom, Mitchell & Colom, Columbus, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Carolyn B. Mills, William S. Boyd, III, and Marvin L. White, Jr., Sp. Asst. Attys. Gen., Jackson, for appellees.
EN BANC.
*601 WALKER, Presiding Justice, for the Court:

ON PETITION FOR WRIT OF ERROR CORAM NOBIS
Mack Arthur King, pursuant to Mississippi Code Annotated section 99-35-145 (1972) by and through his counsel has petitioned this Court for permission to file a petition for writ of error coram nobis in the Circuit Court of Lowndes County for the purpose of determining whether the petitioner Mack Arthur King was denied effective assistance of counsel during the sentencing phase of his trial on a charge of capital murder in connection with the death of Lela Patterson on or about August 3, 1980.

PRIOR PROCEEDINGS
(1) On or about August 21, 1980, petitioner was indicted in the Circuit Court of Lowndes County for the crime of capital murder.
(2) On December 4-5, 1980, petitioner was tried, convicted and sentenced to death in the Circuit Court of Lowndes County.
On October 27, 1982, the Supreme Court of Mississippi affirmed the conviction and sentence of petitioner. King v. State, 421 So.2d 1009 (Miss. 1982). On December 1, 1982, the Supreme Court of Mississippi denied petitioner's petition for rehearing. On January 31, 1983, petitioner filed in the United States Supreme Court a petition for a writ of certiorari to the Supreme Court of Mississippi. On May 2, 1983, that petition was denied.
The petitioner, King, has now filed a petition seeking permission to file a petition for writ of error coram nobis in the Circuit Court of Lowndes County. The petition alleges numerous errors and omissions on the part of trial counsel and that such resulted in the petitioner being denied effective assistance of counsel as that term has been defined by this Court. Callahan v. State, 426 So.2d 801 (Miss. 1983).
We have carefully examined King's petition and are of the opinion that an evidentiary hearing should be held in the trial court and for that court to make findings of fact with reference to the numerous allegations of King's petition; and, that after making a written finding of fact, the court should enter a finding as to whether the petitioner King was in fact denied effective assistance of counsel during the sentencing phase of his trial for capital murder.
*602 If the court finds that King was not denied effective assistance of counsel, that finding should be immediately certified to this Court.[1]
If the court finds that King was denied effective assistance of counsel, then the court should impanel a jury at the earliest convenient time for the purpose of conducting a rehearing on the question of whether King should suffer the penalty of death or be sentenced to life imprisonment.[2]
KING'S PETITION TO BE ALLOWED TO FILE IN THE CIRCUIT COURT OF LOWNDES COUNTY A PETITION FOR WRIT OF ERROR CORAM NOBIS IS SUSTAINED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] Of course, the defendant and the State would have the right to appeal from such findings or order as in other cases.
[2] Of course, the defendant and the State would have the right to appeal from such findings or order as in other cases.