## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00117-SCT

*RANDY FORD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/96 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. On January 4, 1996, Randy Ford was indicted for the sale of cocaine pursuant to Miss. Code Ann. § 41-29-139, in the Circuit Court of Grenada County, Mississippi. Ford's guilty plea was accepted by Circuit Judge Joseph H. Loper, Jr. on June 3, 1996. Judge Loper sentenced Ford to twenty (20) years in the custody of the Mississippi Department of Corrections, with six (6) years suspended for a period of five (5) years, and fourteen (14) years to serve.

¶2. On October 30, 1996, Ford filed a Request for Information in the Grenada County Circuit Court. By Order dated November 1, 1996, Circuit Judge Loper denied Ford's request because Ford failed to demonstrate a specific need for the documents and offered no good cause why he was in need of or entitled to the requested records.

¶3. On December 6, 1996, Ford filed a Motion for Post-Conviction Relief in the Grenada County Circuit Court alleging ineffective assistance of counsel. By Order dated December 9, 1996, Circuit Judge Loper denied Ford's motion on the basis that Ford did not comply with Miss. Code Ann. § 99-39-9 (1994). Specifically, Judge Loper noted that Ford "did not file any supporting affidavits with his motion" and Ford "failed to file under oath a specific statement of the specific facts that are within his

personal knowledge."

¶4. Aggrieved by the trial court's decision, Ford appeals *pro se* to this court, and raises the following issue:

**WHETHER THE TRIAL COURT JUDGE ABUSED HIS DISCRETION IN SUMMARILY DISMISSING FORD'S MOTION FOR POST-CONVICTION RELIEF BECAUSE OF OMITTED DOCUMENTS.**

## LEGAL ANALYSIS

¶5. Ford maintains that his Motion should not have been denied on the basis of Miss. Code Ann. § 99-39-9, but should have been returned to him so that he so that he may re-submit his Motion with the required documentation. Ford relies on Miss. Code Ann. § 99-39-9(4) (1994), which states:

> If the motion received by the clerk does not substantially comply with the requirements of this section, it shall be returned to the prisoner if a judge of the court so directs, together with a statement of the reason for its return.. . .

¶6. Conversely, the State maintains that Ford's petition is procedurally barred since post-conviction relief is not granted upon facts and issues which could or should have been litigated at trial. The State further maintains that "[t]his Court may not act upon statements in briefs or arguments which are not reflected by the record" and that "[i]t is the appellant's duty to preserve and prepare the record for appeal." The State then points out that the record in the case at bar contains no transcript of the plea hearing, therefore, this Court should presume that the trial court acted properly.

¶7. The State's argument is supported by case law, but is troublesome under the facts of the case at bar. The State's first argument, that Ford's petition is procedurally barred because he did not raise this issue at trial, does not apply in this case since Ford is alleging ineffective assistance of counsel. "In *Read* [*v. State*, 430 So. 2d 832, 837 (Miss. 1983)] this Court 'noted that the failure to assign the lack of effective assistance of counsel at trial was not a procedural bar to the subsequent raising of the question of ineffective counsel either on appeal or in subsequent post-conviction relief proceedings.'" *Dunn v. State*, 693 So. 2d 1333, 1339-40 (Miss. 1997) (*quoting* **Smith v. State**, 434 So. 2d 212, 218 (Miss. 1983))[1]. Accordingly, this Court finds that Ford's ineffective assistance of counsel claim is not barred.

¶8. However, in order to sustain summary dismissal, of the ineffective assistance of counsel claim, under Miss. Code Ann. § 99-39-11(2) (Supp. 1997), the allegation must be alleged with specificity. "[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that *but for* such purported actions by ineffective counsel, the results of the trial court decision would have been different." **Smith v. State**, 434 So. 2d 212, 219 (Miss. 1983). **See also** Miss. Code Ann. § 99-39-9(1)(c) (1994). Ford alleges that his attorney coerced him into pleading guilty, did not advise him of any possible defenses, and did not advise him of his right to a speedy trial. However, he does not state the manner in which his attorney coerced him. Therefore, we find that Ford has failed to meet his statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions lack the "specificity and detail" required to establish a prima facie showing. Moreover, his allegations of ineffective

assistance of counsel are without merit in that the guilty plea hearing transcripts[2] provide evidence to the contrary.

¶9. The State maintains that Ford has failed to meet his burden of preserving and preparing the record for appeal. The State argues that since the appellate record contains no transcript of the plea hearing, this Court must presume that the trial court acted properly. While this is generally true, we hold that this rule is not entirely accurate under the facts of this case.

¶10. In the case at bar, Ford filed a Request for Information in the Grenada County Circuit Court on October 30, 1996. This request was appropriately denied by Circuit Judge Loper by Order dated November 1, 1996 because Ford failed to demonstrate a specific need for the documents and offered no good cause why he was in need of or entitled to the requested records. This Court finds that Judge Loper's decision was proper based upon this Court's decision in *Fleming v. State*, 553 So. 2d 505 (Miss. 1989). In *Fleming*, this Court stated "[a] prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15." *Id.* at 506. Ford's Request for Information was not a proper motion filed pursuant to the Post-Conviction Collateral Relief Act, that had withstood summary dismissal under § 99-39-11(2). Therefore, he was not entitled to the documents at the time of his request.

¶11. However, Ford then filed a Motion to Vacate and Set Aside Sentence under the authority of the Mississippi Post-Conviction Collateral Relief Act, in the Grenada County Circuit Court. On December 11, 1996, Ford's Motion was denied by Circuit Judge Loper because Ford did not comply with the requirements of Miss. Code Ann. § 99-39-9 since he did not file any supporting affidavits with his motion and because Ford failed to file under oath a statement of the specific facts that are within his personal knowledge. This ruling is correct in that it in essence dismisses Ford's motion due to lack of specificity and detail. However, the fact that there were no affidavits does not in and of itself render the motion invalid. The statute states affidavits are required of those witnesses that will testify. Thus, if there are no witnesses to the allegations asserted by the appellant, there is no requirement for supporting affidavits. Rather, the appellant may attest to the facts that he intends to prove through his petition. Thus, a motion for Post-Conviction Relief is not properly denied based solely on the fact that there are no supporting affidavits.

¶12. Judge Loper's ruling that Ford failed to file under oath a statement of specific facts that are within his personal knowledge is more appropriate. But this Court has previously held that where the appellant is proceeding *pro se*, the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted. *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). Moreover, § 99-39-9(4) of the Act does provide that incomplete motions may be returned to the prisoner.

¶13. The State's position that the appellant has failed to present the appropriate documents for review is extremely harsh given the fact that Ford previously attempted to procure said documents but was denied his request. This approach presents the possibility of penalizing the pro se appellant because of his lack of familiarity with legal procedures. In a case such as this, where Ford has attempted to obtain documents of his proceedings relevant to his appeal, but has not utilized the proper method of obtaining such documents, it would be more appropriate to review the motion in accordance with

§ 99-39-11(1). This statute provides "[t]he original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned." Miss. Code Ann. § 99-39-11(1) (Supp. 1997). Upon review, the trial judge should then determine whether from the face of the motion, the appellant can survive summary dismissal under § 99-39-11(2) and if so, order the clerk to return the motion to the prisoner pursuant to § 99-39-9(4). Following this method ensures that the pro se appellant is not penalized for not being familiar with legal procedures.

¶14. Additionally, this method follows the ***Fleming*** decision where the Court indicated that the appellant may be entitled to trial transcripts and other relevant documents pursuant to § 99-39-15, in those cases where the prisoner has filed a proper motion that has withstood summary dismissal under § 99-39-11(2).

¶15. In the case at bar, we hold that Ford's Motion for Post-Conviction Relief was appropriately denied summarily without an evidentiary hearing. Ford failed to state his allegations with the "specificity and detail" required to establish a prima facie showing. Accordingly, this Court finds that it plainly appeared from the face of his motion that he was not entitled to any relief and thus his motion could not sustain summary dismissal under § 99-39-11(2).

¶16. Additionally, this Court also finds that a review of the record reveals that there is no merit to Ford's claim of ineffective assistance of counsel which he based on allegations that his attorney coerced him into pleading guilty, failed to investigate possible defenses, and did not advise him of his right to speedy trial. Specifically, at the guilty plea hearing conducted on June 3, 1996, in the Grenada County Circuit Court, Judge Loper advised Ford of his rights and specifically of his right to speedy trial. Ford acknowledged that he understood that he was giving up his right to speedy trial by pleading guilty to the charge. Judge Loper also asked Ford whether he understood that his attorney had discussed a possible plea recommendation with the District Attorney's office. Ford acknowledged that he expected the District Attorney's office to recommend a sentence of twenty (20) years with Mississippi Department of Corrections, with six (6) years suspended for a period of five (5) years, and fourteen (14) years to serve, as well as a $1000.00 lab fee and $125 court costs. In addition, Ford indicated to the Judge that he had discussed the charge with his attorney and that his attorney had gone over the elements of the crime as well as any defenses he might have to the charge, and that he was completely and totally satisfied with the work his attorney had done on his behalf.

¶17. In ***Smith v. State***, 636 So. 2d 1220 (Miss. 1994), this Court stated "[w]hen we compare [Smith's] previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a 'sham,' thus allowing the summary dismissal of the petition to stand." ***Id.*** at 1224 (citation omitted). "At one time or the other Smith has obviously committed perjury, which may warrant appropriate action by a grand jury." ***Id.***(citing ***Sanders v. State***, 440 So. 2d 278, 289 (Miss. 1983) (Roy Noble Lee, J., specially concurring)). The case *sub judice* is similar to ***Smith*** in that Ford's pleadings are in direct conflict with the guilty plea hearing transcript. The record clearly belies every allegation Ford makes in his Motion for Post-Conviction Relief. Consequently, this Court finds that there is no merit to Ford's claim of ineffective assistance of counsel.

## CONCLUSION

¶18. In his Motion for Post-Conviction Relief, Ford alleges that he received ineffective assistance of

counsel because his attorney coerced him into pleading guilty, refused to investigate possible defenses, and failed to advise him of his right to speedy trial. The trial court summarily dismissed Ford's petition without an evidentiary hearing because Ford did not comply with Miss. Code Ann. § 99-39-9. Specifically, Judge Loper noted that Ford "did not file any supporting affidavits with his motion" and "failed to file under oath a specific statement of the specific facts that are within his personal knowledge." Judge Loper was correct in summarily dismissing Ford's motion, since his claims could not withstand summary dismissal under § 99-39-11(2). Ford failed to meet his statutory burden of proof in that his assertions lack the "specificity and detail" required to establish a prima facie showing. Additionally, a review of the record reveals that there is no merit to Ford's claim of ineffective assistance of counsel, inasmuch as the guilty plea hearing transcripts provide evidence to the contrary. Accordingly, the trial court's summary denial of Ford's petition is affirmed.

¶19. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR.**

1. At first glance this Court's holding in ***Connell v. State***, 691 So. 2d 1004 (Miss. 1997) may seem contradictory. However, this Court's statement that "[g]enerally, if a claim of ineffective assistance of counsel is not made at the trial level, the claim is procedurally barred from review," ***Connell***, 691 So. 2d at 1007, should not be interpreted to mean that the ineffective assistance of counsel claim must be raised at the actual trial or at the guilty plea hearing. Rather, when the appellant is asserting ineffective assistance of counsel on appeal to this Court, the claim is only barred where the appellant has not first asserted such claim **on appeal** to the trial court.

2. Ford's initial Request for Information, which included the guilty plea hearing transcripts, was appropriately denied by the Grenada County Circuit Court. However, upon appeal, this Court requested the transcripts to ascertain whether Ford could survive summary dismissal under § 99-39-11(2). Upon review of said transcripts, this Court found that Ford could not survive summary dismissal in that the record completely belied the assertions in his brief.