McMILLIN, C.J., for the Court:
¶ 1. Andy Pinter pled guilty to a charge of burglary in the Circuit Court of Nesho-ba County. He was sentenced to serve a term of ten years. He subsequently filed a motion seeking to set aside his guilty plea under this state’s post-conviction relief statute, alleging various problems in the manner his case was handled. The circuit court denied relief and this appeal followed.
¶ 2. Pinter, in this appeal, raises several issues; Among the issues raised was a claim that the trial court had a conflict of interest in accepting his guilty plea because the court was aware of other criminal charges pending against the defendant in another county. This claim was raised for the first time in this appeal and had not been presented to the circuit court for decision. We find that claim procedurally barred. Sheffield v. State, 749 So.2d 123, 126(¶ 10) (Miss.1999).
¶ 3. Additionally, Pinter claims that he received ineffective assistance of counsel because his appointed attorney was not present when his plea was entered. The record reflects that Thomas L. Booker had been appointed to represent Pinter, but that he was represented at his plea hearing by Laurel Weir, an associate of Mr. Booker. This fact was explored on the record of the hearing and Pinter affirmatively alleged that he had no objection to Mr. Weir standing in for Mr. Booker. Pinter points to no specific prejudice that arose by virtue of this circumstance and we do not conclude, in the absence of such a showing of prejudice, that Pinter was denied counsel during a critical phase of the proceeding such that we would feel compelled to set aside his plea of guilty.
¶ 4. Pinter additionally complains that he was coerced to plead guilty by threats that, if he did not, he could be punished more harshly as a habitual offender upon conviction. The record reflects that Pinter did face a number of criminal indictments in various counties and the trial court, in discussing the plea *589 on the record, did state that, if convicted at trial, Pinter could be sentenced as a habitual offender. Because this was, in fact, a valid consideration in weighing the advisability of accepting a plea agreement that allowed him to escape sentencing as a habitual offender, we do not conclude that pointing out the real dangers associated with submitting to trial, even if done rather forcefully, amounts to coercion to forego that trial and plead guilty. We decline to find error on this ground.
¶ 5. Finally, Pinter makes a broad assertion that his counsel did not fully advise him of his rights “as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.... ” We find such broad pronouncements, not followed by any clarification as to the particulars of the alleged violations, including references to the record and citations to authority, to be essentially meaningless. It is not the duty of this Court to engage in an in-depth analysis of the entire record, based solely on such overly-broad and uninformative conclusory allegations, to attempt to discover some aspect of the proceeding at the circuit court level that might arguably fit within the assertions of Pinter’s brief. See M.R.A.P. 28(a)(6); Coleman v. State, 697 So.2d 777, 787 (Miss.1997).
¶ 6. Pinter raised a number of other issues before the circuit court, none of which are renewed in his appeal. We find those issues to be abandoned. Smith v. State, 434 So.2d 212, 216 (Miss.1983).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.